IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY | ' | |
| Plaintiff/Judgment Creditor, | ' | |
| vs. | ' | |
| DOUGLAS ASPHALT COMPANY, JOEL SPIVEY AND KYLE SPIVEY | ' | Civil Action No: _____ |
| Defendant, | ' | 1:09-CV-2974 |
| vs. | ' | |
| APPLIED TECHNICAL SERVICES, INC., | ' | |
| Garnishee. | ' | |

## NOTICE OF REMOVAL

COMES NOW the Garnishee, Applied Technical Services, Inc. ("Garnishee" or "ATS") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, file this Notice of Removal in the action styled *Arch Insurance Company v. Douglas Asphalt Company, Joel Spivey and Kyle Spivey v. Applied Technical Services, Inc.,* (hereinafter "*Arch Lawsuit*"), 09-G-7607, in the State Court of Cobb

County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support thereof, Garnishee states as follows:

## I. GROUNDS FOR REMOVAL

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2. On September 14, 2009, the Arch Insurance Company ("Arch") filed suit in the action styled *Arch Insurance Company v. Douglas Asphalt Company, Joel Spivey and Kyle Spivey v. Applied Technical Services, Inc.*, (hereinafter "*Arch Lawsuit*"), 09-G-7607, in the State Court of Cobb County, State of Georgia.

3. Garnishee was served with the Summons of Garnishment on September 24, 2008. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after Garnishee's receipt of the Summons and Complaint.

4. Jurisdiction of this action is based upon 28 U.S.C. §§ 1332, 1441, and 1446, as amended. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court for that district has original jurisdiction. This Court has original jurisdiction based upon diversity of citizenship under 28

U.S.C. § 1332, and pursuant to 28 U.S.C. § 1441(b), because diversity of citizenship exists between the Plaintiff and the Garnishee, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Plaintiff's garnishment action is removable to this Court because garnishment actions are separate civil actions that are removable when diversity of citizenship is present under 28 U.S.C. § 1332. *See Webb v. Zurich Ins. Co.*, 200 F.3d 759, 760 (11th Cir. 2000) (noting that removal was proper for a garnishment proceeding, which was "a separate and independent cause of action with diversity of the parties"); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979) (garnishment actions brought post-judgment to collect a judgment are separate civil actions that are removable); *Lamb v. Allstate Ins. Co.*, 118 S.E.2d 740, 741 (Ga. App. 1961) ("The institution of a garnishment proceeding and service of the garnishment summons on the garnishee constitutes a suit, which is a separate and distinct proceeding from the action between the plaintiff and the defendant in execution."); *Dulion v. S.A. Lynch Enterprise Fin. Corp.*, 149 S.E. 812 (Ga. App. 1929) (finding that a garnishment "constitutes a suit which is removable from the state court to the United States court upon the ground of diversity of citizenship.").

6. Given the foregoing, the United States District Court for Northern District of Georgia, Atlanta Division, is the federal judicial district and

division embracing the State Court of Cobb County, Georgia, where this action was originally filed. *See* 28 U.S.C. § 90(a)(2). Garnishee is therefore entitled to remove this action to this Court.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders served upon Garnishee, is attached to this notice of removal as Exhibit "A" and incorporated herein by reference.

## II. DIVERSITY OF CITIZENSHIP

8. Upon information and belief, at the time of the commencement of this action, and at all times subsequent thereto, Arch was a resident of Missouri with its principal place of business in New York.

9. At the time of the commencement of this action and at all times subsequent thereto, Garnishee ATS is a Georgia corporation with its principal place of business in Marietta, Georgia.

## III. AMOUNT IN CONTROVERSY

10. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

11. The Eleventh Circuit has held that removal standards lend "great weight to plaintiff's assessment of the value of plaintiff's case." *Mitchell v.*

*Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). In this case, Plaintiff has issued a Summons of Garnishment for an amount of One Hundred and Thirty Million, Six Hundred Forty-Seven Thousand, One Hundred Seventy-Nine Dollars and 99/100 ($130,647,179.99) which Plaintiff claims is due and owing by Garnishee. Although Garnishee denies that they are liable for the amount set forth in Plaintiff's Garnishment, Garnishee is entitled to rely upon Plaintiff's valuation of this case to establish the amount in controversy required for this Court's subject matter jurisdiction. *See id.* at 1315.

## IV. CONCLUSION

12.     Because the parties to this action are completely diverse in citizenship, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332 and 1441.

13.     Garnishee has provided Plaintiff, by and through their counsel of record, with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Further Garnishee will cause a copy of this Notice of Removal to be timely filed with the State Court of Cobb County, Georgia, where the action was pending.

WHEREFORE, Applied Technical Services, Inc. prays that this Court will take cognizance and jurisdiction of this cause and make any and all orders necessary to affect the removal of this cause from the State Court of Cobb County, Georgia.

                                  Respectfully submitted,

BY: _____
JAMES F. COOK, JR.
Georgia State Bar No.: 184250
DAVID ABERCROMBIE
Georgia State Bar No: 000394
*Attorneys for Applied Technical Services, Inc.*

**Goodman McGuffey Lindsey
& Johnson LLP**
2100 Tower Place
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326-1084
Phone: (404) 264-1500
Fax: (404) 264-1737

## CERTIFICATE OF FONT & CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents were prepared in Times New Roman 14-point font in conformance with Local Rule 5.1C, and that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, postage prepaid, and properly addressed on this 26th day of October, 2009 as follows:

*Attorneys for Plaintiff*
Ms. Christina A. Craddock
Bovis, Kyle & Burch, LLC
200 Ashford Center North
Suite 500
Atlanta, GA 30338-2668

*Attorneys for Defendants*
*Douglas Asphalt Company,*
*Joel Spivey and Kyle Spivey*
Brent J. Savage, Esq.
William H. Pinson, Jr., Esq.
Savage, Turner, Pinson & Karsman
304 East Bay Street
Savannah, Georgia   31401

Kenneth E. Futch, Jr., Esq.
The Futch Law Firm
110 Screven Avenue
Waycross, Georgia   31501

*[signature on following page]*

BY: _____
JAMES F. COOK, JR.
Georgia State Bar No.:   184250
DAVID ABERCROMBIE
Georgia State Bar No:   000394
*Attorneys for Applied Technical Services, Inc.*

**Goodman McGuffey Lindsey & Johnson LLP**
2100 Tower Place
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326-1084
Phone: (404) 264-1500
Fax: (404) 264-1737